IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOCCARA TREADWELL, | ) | |
| | ) | Case No. 18-cv-04459 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HBLC, INC. and STEVEN J. FINK & ASSOCIATES, P.C., | ) ) | |
| | ) | Jury Demanded |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Toccara Treadwell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## PARTIES

3. Plaintiff, Toccara Treadwell ("Plaintiff") is a resident of the state of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Crest Financial Services consumer credit account used for personal purposes. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, HBLC Inc., ("HBLC"), is an Illinois Corporation. It does or transacts business in Illinois. Its registered agent and office are Steven Fink, 25 E. Washington Street Suite 1233, Chicago, Illinois 60602. (Exhibit A, Record from the Illinois Secretary of State).

5. HBLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. HBLC holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7. HBLC collects debts through lawsuits and collection letters and provides no other products or services to consumers. Thus its principle purpose is debt collection and it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

8. Defendant, Steven J. Fink & Associates, P.C. ("Fink") is a law firm organized as a professional corporation in Illinois. Its registered agent and service address is Steven J. Fink, 25 E. Washington 1233, Chicago, IL 60602 (Exhibit C, Record from Illinois Secretary of State).

9. The practice of Fink consists of the collection of alleged defaulted consumer debts asserted due another.

10. Fink is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11. Fink regularly files collection lawsuits in Illinois on behalf of HBLC and others to collect defaulted consumer debts, and Fink is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

12. Plaintiff allegedly incurred a debt for goods and services used for personal purposes, originally for a Crest Financial Services consumer credit account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

14. The alleged debt was subsequently assigned, or otherwise transferred to HBLC for collection after default.

15. On or about April 16, 2018 Fink mailed Plaintiff a collection letter ("Letter"). (Exhibit D, Collection Letter).

16. The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, and a current balance on the alleged debt.

17. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

18. The Letter from Defendant Fink was a form letter.

19. The Letter states, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

20. Defendants were not authorized to add "late charges" to Plaintiff's account when the Letter was mailed, nor did it intend to add late charges after sending the Letter.

21. Defendants were not authorized to add "other charges" to Plaintiff's account when the Letter was mailed, nor did it intend to add other charges after sending the Letter.

22. The alleged debt had been charged off and assigned to at least two subsequent debt collectors, neither of which added any such interest, late charges or other charges.

23. Any such right has long since been waived.

24. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (2)(A) The false representation of the character, amount, or legal status of any debt; or…**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

25. Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that "interest, late charges, and other charges" may continue to accrue on the alleged debt.

26. Defendant threatened to take an action they could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threatened to add "interest, late charges, and other charges" to the alleged debt.

27. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

28. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest, late charges and other charges.

29. Warning a consumer of possible interest, late charges or other charges when no such charges will accrue is a false threat as a matter of law. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

30. Plaintiff experienced negative emotions of frustration, annoyance, agitation, and other garden variety emotional distress as a result of Defendants' communications.

31. HBLC bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Fink. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

32. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I

33. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

34. Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that "interest, late charges, and other charges" may continue to accrue on the alleged debt.

35. Defendants threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threated to add "interest, late charges, and other charges" to the alleged debt.

36. By threatening to collect interest, late charges and other charges, Defendants used unfair and unconscionable means in violation of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in favor of all Class members and against Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com